## STATE ROADS COMMISSION OF MARYLAND *v.* BARE ET UX.

[No. 226, September Term, 1958.]

*Decided May 11, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*J. Thomas Nissel, Special Attorney for the State Roads
Commission,* with whom were *C. Ferdinand Sybert, Attorney
General, Joseph D. Buscher, Special Assistant Attorney Gen-
eral,* and *Walter E. Buck, Jr.,* and *Herbert L. Cohen, Special
Attorneys,* on the brief, for the appellant.

*John D. Alexander* and *Thomas F. Comber, 3rd,* with
whom were *Wm. Pepper Constable* and *Constable, Alexander
& Daneker* on the brief, for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

The State Roads Commission has appealed from a judg-
ment entered in the Circuit Court for Cecil County pursuant
to an inquisition of a jury in a condemnation case. The only
questions presented involve the action of the trial court in
refusing to grant the appellant's motion to strike the testi-
mony of one of the defendants' witnesses.

The appellant's brief fails to set forth with clarity the manner in which its contentions were presented in the lower court and reserved for determination here. A reading of both the appellant's and appellees' briefs and the record extract indicates that a Mr. Joesting was called as a witness by appellees and testified, at some length, concerning his estimate of the injury suffered by the appellees to the remainder of their property as a result of the taking of a portion thereof by the appellant. Included in his estimate was a somewhat involved item of damages for the increased flowage of water upon the appellees' land because of a larger amount of impervious surface as a result of widening a road and the installation of an enlarged culvert conducting surface water onto their land. He gave, *inter alia,* his estimate of increased surface water flowage, the damage to particular portions of the property by reason thereof, and the cost of ditches to carry off the increased amount of water, both on direct and cross-examination. When partially through cross-examination, the appellant's counsel moved "to strike the testimony of this witness concerning water damage, because it is based on conjecture and not facts."

The appellees claim the motion was too broad to be effective; and, even if it were not too broad, the court's ruling thereon was harmless, because the same witness later gave the same testimony which was included in the motion to strike, without objection being made thereto. As pointed out above, the appellant, in its brief, does not attempt to argue how the ruling on its motion to strike was reserved, but, in oral argument, it contends the motion was not too broad, and that if evidence be objected to once, it is unnecessary to repeat the objection if the testimony be reoffered. We think the appellees are clearly right in both of their contentions. The motion is obviously too broad and general in requesting the court to strike the testimony of the witness "concerning water damage," when, at least, a portion thereof was admissible (and we so hold), even though another portion may be objectionable. *Waltzinger v. Birsner,* 212 Md. 107, 123, 128 A. 2d 617, and cases therein cited; *Blinder v. Monaghan,* 171 Md. 77, 85, 188 A. 31. As so aptly stated in *Hohman v.*

*Hohman,* 164 Md. 594, 613, 165 A. 812, "[i]t is well settled that a judge is not required to go through the testimony to pick out testimony piecemeal which would come within such a general description." In addition, there is no doubt that Joesting, in his re-direct examination, repeated his testimony to which the motion to strike had been directed, without objection. By a long line of decisions in Maryland, it has been established that it is not reversible error to overrule an objection to inadmissible testimony if the witness has previously testified to the same effect without objection. See among the many cases so holding, *Hettleman v. Frank,* 136 Md. 351, 110 A. 715; *Blinder v. Monaghan, supra,* 171 Md. at p. 85; *Wolfe v. State,* 173 Md. 103, 194 A. 832. The same rule applies when the inadmissible testimony is admitted, without objection, after a previous objection and an adverse ruling on the objection. *Barnes v. United Railways Co.,* 140 Md. 14, 16, 116 A. 855; and cf. *Wolfe v. State, supra,* 173 Md. at p. 112. *Calder v. Levi,* 168 Md. 260, 265, 177 A. 392; *Crowther v. Hirschmann,* 174 Md. 100, 107, 197 A. 868; Am. Jur., *Appeal and Error,* Sec. 348. *Contra,* 1 Wigmore, *Evidence,* (3rd ed.), Sec. 18, n. 18. And there is nothing in Rule 522 contrary to this ruling. Rule 522 d 2 reads that "[e]very objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent, otherwise the objection shall be treated as waived." The committee's note states: "Counsel are cautioned that in the light of the Court of Appeals construction of its former Rule 17, which is the foundation for Rule 522, a ruling of the court must be obtained upon each objection, in order to lay the proper foundation for an appeal." Generally speaking, specific objection should be made to each question propounded, if the answer thereto is claimed to be inadmissible. If counsel makes an objection to a question and that objection be permitted to remain effective throughout the trial to subsequent identical or similar question or questions relating to the same subject matter, without the consent or agreement of the trial court, there would be constant bickering and arguing as to whether subsequent questions were encompassed within the

original objection. Hence, if we assume, without deciding, that the testimony complained of was inadmissible, the appellant waived its objection to its admission by permitting subsequent testimony to the same effect to come in without objection.

*Judgment affirmed, with costs.*