## GAULT *v.* STATE

[No. 217, September Term, 1962.]

*Decided March 7, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Leonard J. Kerpelman,* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *George J. Helinski, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In a trial before the court without a jury, the appellant was convicted on a charge of being a second offender under the narcotics drug law (Code (1957), Art. 27, Sec. 300). The facts are not in dispute. Early in the morning of August 12, 1962, three police officers went to 739 Newington Avenue in Baltimore City, armed with a warrant to arrest Jerry Long who had been charged with "serious assault." Sergeant Smedberg and another officer went to the third floor apartment, where

they were admitted by the owner, Shirley Bynum, and exhibited the warrant to the appellant and three other persons present. Long was not there. In the meantime, Officer Thomas, who had taken a station in the rear alley, saw Shirley Bynum come out on the porch and put something in a garbage can. A few moments later he was struck in the head by a tinfoil package thrown from the porch of the third floor apartment by a person whom he identified as an occupant of the apartment, Gibson. He picked up the package, opened it and saw that it contained a number of white capsules. He then went up the outside stairs and handed the package to the Sergeant. The occupants were arrested and a search of the apartment, with the permission of Shirley Bynum, revealed a brown bag containing narcotics paraphernalia in a garbage can on the porch. Subsequent examination by a United States chemist, Mills, revealed that the capsules and the paraphernalia contained heroin. The sergeant called Officer Vick of the narcotics squad. He went to the apartment and examined the package and paraphernalia. He testified that Gault had twenty-six puncture marks on his arm, which appeared to be "fresh". The occupants were then taken to the station house and charged.

Next morning, Gault admitted to Captain Carroll that he and Shirley Bynum had put up the money with which he bought the heroin, and that they each had had an injection when the police arrived at her apartment. Gault took the stand and testified that he never admitted anything except being in the apartment, although the officers beat him, which they all denied. Cf. *Robinson v. State*, 138 Md. 137.

Counsel for the appellant first raises the point that because the confession was not reduced to writing, it is inadmissible. He argues that since the burden is on the State to establish that the confession is voluntary, it should not be permitted to prove an "oral" confession. It is universally held that, in the absence of statute, an oral confession is competent and admissible. See *Thomas v. United States*, 15 F. 2d 958 (C.C.A. 8th) ; 2 Wharton, *Criminal Evidence* (12th ed.) §§ 339, 340. An oral confession that has been taken down but not signed may be admissible, or at least used to refresh recollection. Cf. *Cooper v. State*, 205 Md. 162, 169, *cert. den.* 348 U. S. 896. Oral con-

fessions have repeatedly been received in evidence in this State. See *Glaros v. State,* 223 Md. 272, *Hall v. State,* 223 Md. 158 and *Felkner v. State,* 218 Md. 300, 311. We find no error here.

The appellant contends that the search of the premises was illegal. He argues that the search was not truly permissive, but that consent was given by Shirley Bynum in submission to authority and not in relinquishment of her right, citing *Johnson v. United States,* 333 U. S. 10. In that case, however, there was no express consent to the search, as in the instant case. Also the officers here were lawfully on the premises under the warrant for the arrest of Long. We have held that where there is testimony that permission was freely given, the mere fact that the request is made by officers is not enough to warrant withdrawing the question of waiver from the jury. *Hubbard v. State,* 195 Md. 103; *Reed v. State,* 197 Md. 540. The testimony of Shirley Bynum was not that she was intimidated, but that she never gave any consent to anyone. The officers all denied this.

But we think the search was legal for another reason. Possession of narcotics is a misdemeanor under Code (1957), Art. 27, Sec. 276 et seq., and it is settled law that an officer may arrest for a misdemeanor committed in his presence, without a warrant. *Robinson v. State,* 229 Md. 503, 507 and cases cited. Officer Thomas saw enough to indicate to a reasonable man that two of the occupants of the apartment possessed narcotics, for they obviously were concealing or throwing away objects that had the look of narcotics, in an effort to avoid their discovery by the police. See *Allen v. State,* 229 Md. 253, 256 and cases cited. The case of *Beale v. State,* 230 Md. 182, is distinguishable on the facts, for there the officer who picked up the discarded package was a trespasser at the time, and not in the public highway. Cf. *Harris v. State,* 203 Md. 165. *Stanley v. State,* 230 Md. 188 is also distinguishable for there the probable cause for the arrest, on which the police relied, was a report as to a suspect received over their patrol car radio, and it was not claimed that there was any evidence of a crime committed in the arresting officers' presence. Since the search in the instant case was incident to a lawful arrest, *Mapp v. Ohio,* 367 U. S. 643, has no bearing.

The appellant next contends that the State failed to prove

that the capsules contained heroin, because the chemist, Mills, admitted that he did not run a "control" on the experiment. The witness testified that he would normally run a control with a sample, but he was so thoroughly familiar with this type of narcotics, having tested them for the past twelve years, that he did not think it necessary. In reply to the suggestion that the laboratory glassware might not have been clean, he testified that it was the practice for his laboratory assistant, who had been with him for eight years, to clean the glassware, after each use, with sulphuric acid. He also testified that the glassware was clean.

The suggestion that the possibility of contamination was present, and not excluded by the State's proof, would only go to the weight of the evidence, as we see it, and not to its admissibility. In any event, the record does not show any objection to the testimony, or any motion to strike following the extended cross-examination, so that the matter is not properly before us, under Rule 522 (d). It is true that a motion for a directed verdict was made at the close of the State's case, one of the grounds being that there was insufficient proof that the exhibits contained, or had contained, narcotic drugs. But this motion could hardly be considered as a motion to strike, and if so, it came too late. Cf. *Martin v. State,* 203 Md. 66, 72.

Finally, the appellant contends that the court erred in admitting testimony that the puncture marks on the appellant's arm were "fresh". Here, again, there was no proper objection. Indeed, the testimony was elicited by the appellant's counsel himself, on cross-examination of officer Vick of the narcotics squad. Officer Vick was properly qualified as an expert, and the fact that Gault had scars on his arm (presumably due to an old accidental injury) would only go to the weight of the witness' testimony. The argument that the matter is one of common knowledge and that the expert's opinion usurped the jury's function is not supportable in principle. See 7 Wigmore, *Evidence* (3d ed.), § 1919 et seq. It is not clear that the testimony was any more than a conclusion of fact, based on observation of similar marks in the past. See *Blake v. State,* 157 Md. 75, 80; 23 C.J.S. § 871 (3) d; 2 Wharton, *Criminal Evidence* (12th ed.) § 545. In any event, the test is simply whether the

testimony would aid the trier of fact. *Shivers v. Carnaggio,* 223 Md. 585, 588; *Yudkin v. State,* 229 Md. 223, 228. The only relevancy of the testimony was to corroborate the appellant's statement made to the police, that he had taken a drug by injection prior to the arrest, which he denied on the stand. He admitted a prior conviction for violation of the narcotics law, although he contended that the 26 marks were stitches in an old wound. The State's case did not depend upon the testimony in question, and we find no abuse of discretion in its admission.

*Judgment affirmed.*