PETREY *v.* STATE

[No. 399, September Term, 1964.]

*Decided July 30, 1965.*

The cause was argued before HAMMOND, HORNEY, MAR-BURY, OPPENHEIMER and BARNES, JJ.

*Paul S. Podolak* for appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Walter M. Baker, State's Attorney for Cecil County,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The only question presented by court-appointed counsel on behalf of appellant is whether the evidence was sufficient to sustain a jury verdict of guilty under an indictment in which the appellant was charged with the larceny of goods valued at less than $100 in the first count and with the larceny of other goods valued in excess in $100 in the second count. More specifically, the question is whether the proof of ownership of the stolen property varied from that alleged in the felony count. Additional questions are raised by the appellant in a "supplement" he undertook to file in his own behalf without having sought leave to do so. The motion of the State to dismiss the appeal on account of the inadequacy of the printed record extract was withdrawn.

The appellant was charged in the first count of the indictment with stealing a sewing machine alleged to be the property of one Herman Ross. In the second count he was charged with stealing a pair of electric cow clippers, a rachet set, a battery charger and an insect sprayer alleged to be the property of one Eugene Racine. At the trial the State produced a Lois Ross who identified the sewing machine as belonging to her father, Herman Ross. Another witness, Elwood Racine, identified the cow clippers, the rachet set and the battery charger as belonging to him but said they were in the possession of his son at the time of the theft. This witness also identified the insect sprayer as the one stolen from his son but did not refer to him by name. The cross-examination of the witness was confined to the value of the goods alleged to have been stolen.

The appellant, relying on *Wersten v. State,* 228 Md. 226, 179 A. 2d 364 (1962) and *Richardson v. State,* 221 Md. 85, 156 A. 2d 436 (1959), contends that the State, not having proved that the person named in the indictment as the one to whom the property belonged was the same person referred to as "son" in the testimony of Elwood Racine, did not meet its burden of establishing what interest Eugene Racine had in the property. Both *Wersten* and *Richardson* stand for the proposition that proof of ownership as alleged in an indictment is essential to warrant a conviction of larceny.

There is some doubt as to whether or not the appellant effectively raised the question of variance below so as to have properly preserved the right to present it on appeal, but assuming that he did, there is no merit to his claim that a fatal variance existed between the proof of ownership offered at the trial and the allegation thereof in the indictment.

An allegation of ownership in a person may be satisfactorily proved by a showing that such person had a legal or special property interest in the things stolen as a bailee. *Lee and Freeman v. State,* 238 Md. 224, 208 A. 2d 375 (1965) ; *Wersten v. State, supra.* There was no reason why the jury could not have properly inferred, as it undoubtedly did, that Eugene Racine was the "son" referred to by Elwood Racine and was that person named in the indictment who was in lawful possession of the property. Aside from this, the appellant, who was sufficiently apprised of and had knowledge of the nature of the crime with which he was charged, did not show that he was or could be prejudiced in the future in any way by the failure of the State to elicit the name of the son of Elwood Racine. See *Lee and Freeman v. State, supra.* Moreover, had the appellant seasonably objected to the proof of ownership, as he should have done if he were in doubt, it would not have been improper for the State to have cured the alleged variance by an amendment of the indictment pursuant to Maryland Rule 714. See *Corbin v. State,* 237 Md. 486, 206 A. 2d 809 (1965).

Although the questions raised by the appellant in proper person are not properly before us, we shall briefly consider them in anticipation of their being raised in a post conviction proceeding. All are without merit. The first contention that the State did not meet its burden of proof has already been answered adversely to the appellant. As to the second, the record makes it clear that the trial court did not abuse its discretion in finding the confession to have been voluntarily given under the totality of the attendant circumstances. As to the third, we need only point out that a preliminary hearing is not a trial and that the failure to hold such a hearing does not vitiate a criminal trial.

*Judgment affirmed.*