# HICKMAN v. STATE

[No. 464, September Term, 1964.]

*Decided March 30, 1966.*

*Lawrence Powers* for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., Bernard L. Silbert* and *Donald Needle, State's Attorney* and *Assistant State's Attorneys,* respectively, *for Baltimore City,* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, Joseph D. Hickman, was indicted on four counts for burglary, rogue and vagabond, larceny and receiving stolen goods. After a plea of not guilty he was tried on May 20 and 21, 1964 with two separately indicted co-defendants before Judge J. Gilbert Prendergast, sitting without a jury in the Criminal Court of Baltimore. He was found guilty on the first count (burglary) and on the third count (larceny). A motion for a new trial was denied on November 25, 1964 and the appellant was sentenced to six years in the Maryland Penitentiary. This appeal followed.

On the evening of March 19, 1964, the appellant was arrested on a charge of burglary (not germane to this case) on the complaint of Mrs. Edrice Felizardo. Mrs. Felizardo, who testified she thought appellant "may have been stealing things," turned over to the police a portable typewriter which she testified had been given to her daughter by the appellant in the latter part of January, 1964. That typewriter was identified by Mrs. Edna Bello as being among the articles stolen from her apartment at 1501 Abbottston Street in Baltimore City on the evening of January 25, 1964.

Two witnesses, John McNamara and Ellis Tucker, III, positively identified the appellant at the trial as one of two men they saw carrying packages from 1501 Abbottston Street on the night of the burglary. Although, on cross-examination, Mr. Tucker admitted that (at a police line-up) he mistook appellant for one of the co-defendants, at the trial the following dialogue took place:

> "(The Court) * * * Is there any doubt in your mind, Mr. Tucker, at this time, that Mr. Stack and Mr. Hickman are the men you saw on the night of January 25 in the vicinity of Abbottston Street?
>
> "(The Witness) No, sir.
> * * *
>
> "(The Court) Is there any doubt in your mind at this time?
>
> "(The Witness) No sir. I know it's Stack and Hickman."

Witnesses McNamara and Tucker further testified that on the evening of January 25, 1964, they observed the appellant enter a cream-colored 1958 Oldsmobile car in the vicinity of Abbottston Street and noted down its license number. On January 26th, police halted an automobile meeting that description with temporary tag numbers very similar to the numbers noted by the witnesses. A search of the car (the legality of which was questioned at trial, but found by the trial judge to have been made incident to a lawful arrest on probable cause) revealed a screwdriver which exactly matched indentations in the doorjamb as 1501 Abbottston Street and a bottle of medicine which former police officer Pruitt testified bore appellant's name. The bottle was not introduced into evidence and Mr. Pruitt admitted on cross-examination that it could have borne the name of appellant's brother, Jackson Hickman.

The appellant elected to remain silent and did not testify in his own behalf at the trial.

The appellant contends in his brief prepared by court appointed counsel that (I) the evidence produced at his trial was not sufficient to warrant a conviction and (II) the conduct of counsel at his trial was so inadequate as to amount to deprivation of due process of law. The appellant in proper person maintains further that (III) the State knowingly allowed its witnesses to perjure themselves and that the State withheld and suppressed material and exculpatory evidence in the form of dockets and police line-up reports.

## I.

In regard to the sufficiency of the evidence to convict, the appellant was positively identified by two witnesses as one of two men they saw bringing packages from the burglarized premises and entering a car which the witnesses identified. We have held that identification of an accused by even a single eye-witness is sufficient evidence to support the conviction of the accused. *Barbee v. State,* 239 Md. 329, 211 A. 2d 343 (1965).

Furthermore, Mrs. Felizardo testified that the appellant had given a portable typewriter to her daughter in late January of 1964. This typewriter was identified by Mrs. Edna Bello as among the items taken from her apartment. The trial judge

could find that the appellant was in possession of stolen goods soon after the theft. As Judge Hammond, for the Court, said in *Felkner v. State*, 218 Md. 300, 305, 146 A. 2d 424, 428 (1958):

> "The possessor of stolen goods soon after the theft must give a reasonable explanation of how he came into possession or face the inference that he is the thief."

See also *Rose v. State*, 240 Md. 65, 70, 212 A. 2d 742 (1965).

A wealth of evidence tending to show appellant's guilt was before the trial judge and, as this Court has consistently held, in non-jury trials the weight of the evidence and credibility of witnesses is for the trier of the fact to determine. His judgment will not be set aside unless clearly erroneous. *Rose v. State, supra; Wesbecker v. State*, 240 Md. 41, 212 A. 2d 737 (1965) ; *Jacobs v. State*, 238 Md. 648, 210 A. 2d 722 (1965).

## II.

The record reveals that appellant's court appointed attorney vigorously advocated the defense, conducting exhaustive cross-examinations of the State's witnesses, attempting to impeach the credibility of Mrs. Felizardo and moving for a directed verdict at the conclusion of the State's evidence. Counsel's failure to make an opening statement and closing argument, as well as his failure to object to the competency of Mrs. Felizardo to testify, are questions of trial tactics which do not automatically demonstrate counsel's incompetency. *Harriday v. State*, 238 Md. 75, 207 A. 2d 629 (1965) ; *Brown v. State*, 237 Md. 492, 207 A. 2d 103 (1965).

## III.

The questions raised by the appellant in proper person are not properly before this Court. However, we will consider them "in anticipation of their being raised in a post conviction proceeding." *Petrey v. State*, 239 Md. 601, 603, 212 A. 2d 277 (1965). Appellant's contentions made in proper person are totally devoid of merit. A thorough review of the record transcript reveals that the appellant's counsel, by cross-examination and the use of defense witnesses, attempted to impeach the testimony offered by witnesses for the State. It is clear that no evidence tending to exculpate the appellant was withheld by the State. The appellant, who did not testify at his

trial, is attempting on appeal to label testimony tending to incriminate him as perjured, without giving any specific reasons.

*Judgment affirmed.*