## WALTERS *v.* STATE

[No. 181, September Term, 1965.]

*Decided April 19, 1966.*

The cause was submitted on the brief to PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

Submitted by *Julius E. Schindler* for appellant.

Submitted by *Thomas B. Finan, Attorney General, John C. Cooper, III, Assistant Attorney General,* and *Donald W. Mason, State's Attorney for Allegany County,* for appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, Donald L. Walters, the defendant below, was convicted in a trial by the court sitting without a jury on the second count of a criminal information charging assault. He was found not guilty on the first count of the information charging robbery. Walters was sentenced to five years in the Maryland Penitentiary. On this appeal Walters contends by his court appointed counsel, that the evidence was legally insufficient to convict.

In *Jacobs v. State,* 238 Md. 648, 650, 210 A. 2d 722, 723-724 (1965) we repeated what we have said many times before, that:

> "* * * [W']here the case is tried before the trial court without a jury, the trial court's 'judgment will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses.' "

See also *Wesbecker v. State,* 240 Md. 41, 212 A. 2d 737 (1965) ; *Johnson v. State,* 237 Md. 283, 291, 206 A. 2d 138, 143 (1965).

The prosecuting witness, Mrs. Jennie Mae Mollinary, positively identified Walters in open court as her assailant. While the assault occurred at night (12:30 A.M.), Officer Hutt of the Cumberland, Maryland police department testified that it took place in an extremely well lit area. Mrs. Mollinary, moreover, testified in regard to an extrajudicial identification of Walters made by her on the morning following the assault when she was taken by a police officer to Walters' residence.

Identification by the victim is ample evidence to sustain a

238

conviction. *Davis v. Warden*, 235 Md. 637, 201 A. 2d 672 (1964) ; *Rakes v. State*, 227 Md. 172, 175 A. 2d 579 (1961) and cases cited therein. The testimony of a victim, unlike that of an accomplice, needs no corroboration. *Gregoire v. State*, 211 Md. 514, 128 A. 2d 243 (1957) ; *Basoff v. State*, 208 Md. 643, 119 A. 2d 917 (1956). The testimony of Mrs. Mollinary was legally sufficient to convict.

After his arrest, Walters furnished Lieutenant See of the Cumberland, Maryland police department with an oral statement concerning his activities on the night the assault took place. He stated that he was at the home of William A. Cottrell between 10:30 and 11:00 P.M., then at two bars until 1:00 A.M., after which he went to the home of a Mr. and Mrs. Canfield. William Baker, a county investigator, interrogated Walters. An unsigned statement was taken in which Walters claimed to have been at the Cottrell home from 12:30 A.M. to 2:00 A.M. on the night of the assault. Mr. Cottrell, whose daughter is married to Walters' brother, gave alibi testimony placing Walters in Mr. Cottrell's home from 12:25 A.M. to 2:00 A.M.

All the evidence is to be considered together, and the trial judge is not bound to accept alibi testimony. *Shipley v. State*, 220 Md. 463, 468, 154 A. 2d 708, 711 (1959). This is especially true where, as here, alibi testimony conflicts with a defendant's own prior statements.

Walters, in proper person, raises the following points on this appeal:

(1) denial of due process through slipshod methods employed by Cumberland police in the identification of Walters by the victim,

(2) denial of due process because he was arrested without a warrant,

(3) illegal prosecution on a criminal information.

These points were not raised below and are not properly before this Court on appeal. Maryland Rule 885 ; *Basoff v. State, supra*. As these issues might be raised in a post conviction proceeding, we will dispose of them now in anticipation of a possible later collateral attack on the conviction. See *Johnson v. State*, 237 Md. 283, 292, 206 A. 2d 138, 144 (1965) ; *Royal v. State*, 236 Md. 443, 204 A. 2d 500 (1964).

Walters' first contention is without merit. We assume Walters claims that the extrajudicial identification of him by Mrs. Mollinary was obtained under conditions of unreliability and unfairness since it was made informally without resort to a police lineup, and no other individuals were presented in a group from whom Mrs. Mollinary identified her assailant. The answer to this argument is that a witness' testimony as to a prior extrajudicial identification "should be admitted for the purpose of corroborating the witness and bolstering his credibility * * *." *Judy v. State,* 218 Md. 168, 174, 146 A. 2d 29, 32 (1958). This situation should be distinguished from that in which a police officer or some third party testifies as to an extrajudicial identification made in his presence by an eye-witness. The testimony in that case would be admitted as an exception to the hearsay rule, and the testimony must have been made under "proper circumstances precluding the suspicion of unfairness or unreliability." *Judy v. State, supra* and numerous authorities and cases cited therein.

The trial judge was fully informed of the circumstances surrounding the extrajudicial identification in this case. It was his proper function to determine the credibility of the witness and to attach that weight to her testimony which he thought proper. His determination will not be set aside unless clearly erroneous.

Walters' second contention likewise affords him no ground for relief. Mrs. Mollinary was carrying a purse at the time of the assault. After her assailant fled, the purse was gone. Although she did not actually see him carry the purse away, the police had probable cause, under the circumstances, to believe that a robbery had been committed. When Mrs. Mollinary identified Walters as her assailant the police officer accompanying her had good cause to believe that Walters was guilty of the felony of robbery, and this would justify taking Walters into custody without a warrant.

For "probable cause" to exist when making an arrest without a warrant the arresting officer must have "reasonably trustworthy information" to warrant a man of "reasonable caution" to believe that the offense had been committed and "reasonable ground for believing that the person arrested is guilty" of that offense. *Graham v. State,* 239 Md. 521, 212 A. 2d 287 (1965);

*Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960). See also *Jones v. State,* 242 Md. 95, 218 A. 2d 7, and the cases cited therein. All the elements necessary for "probable cause" were present in this case. Walters' arrest was not illegal.

In regard to Walters' third contention, his prosecution upon a criminal information charging robbery was improper since robbery is a common law felony (*Hayes v. State,* 211 Md. 111, 126 A. 2d 576 (1956)), and under Maryland Rule 709 an accused may not be prosecuted for a felony upon a criminal information unless he has first waived his right to action by the grand jury. Apparently, such a waiver was not obtained by the State. Walters, however, was found not guilty under the robbery count. Since the prosecuting witness did not actually see Walters carry away her purse, the trial judge was not convinced beyond a reasonable doubt that a robbery had been committed and that the purse had not been merely lost during the assault.

Walters has no ground to object to prosecution of the assault and battery count upon an information. The crime of which he was convicted is a misdemeanor, and the procedure was proper under Maryland Rule 708.

*Judgment affirmed.*