# THE GREATER BALTIMORE CONSOLIDATED WHOLESALE FOOD MARKET AUTHORITY
## v. DUVALL, ET UX.

[No. 182, September Term, 1969.]

*Decided October 7, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*John J. Ghingher, Jr.*, with whom were *Jack N. Zemil* and *Weinberg & Green* on the brief, for appellant.

*C. Maurice Weidemeyer* and *Bernard F. Goldberg* for appellees.

MARBURY, J., delivered the opinion of the Court.

The appellant, The Greater Baltimore Consolidated Wholesale Food Market Authority (Authority), an instrumentality of the State of Maryland, instituted condemnation proceedings in the Circuit Court for Howard County on December 24, 1968, against land owned by the appellees, Marland W. Duvall and Charlotte M. Duvall, his wife. As a result of these proceedings a jury returned a verdict against the appellant on April 7, 1968, in the amount of $561,599.50. Appellant's motion for a new trial was denied; judgment absolute in the same amount was entered on April 29, 1969; and this appeal followed.

The appellant sought to acquire 77.462 acres of unimproved land zoned M-2 (Heavy Industrial) which is a part of a 97.262 acre parcel owned by the appellees, thereby leaving a remainder in the appellees of 19.8 acres of land. The land fronts on the westernmost side of Dorsey Run (Tomato) Road at a point south of the intersection of Maryland Route 175 (Waterloo Road), in the 6th Election District of Howard County, Maryland.

Expert witnesses for both sides testified that the highest and best use of the land was for industrial development. There was testimony that some 8 acres of the property to be taken was a "flood plain" and worth substantially less per acre than the firm land. Appellant's expert witnesses testified that in their opinions the firm ground was worth $5,250 and $5,500 per acre, respectively. As to the flood plain area one of them testified that this area was worth $1,250 per acre, and the other $1,000 per acre. The appellees' experts agreed on a figure of $6,000 per acre for the entire acreage to be acquired. The appellee, Mr. Duvall, was allowed to testify to his estimate of the fair market value and fixed it at $8,500 per acre. The jury's verdict computed on a per acre basis amounted to $7,250 per acre.

The appellant first contends that the trial court erred in its rulings on the admissibility of the property owner's testimony, on appellant's objections to the jury argument thereon, and that these errors resulted in substantial injustice to it. The Authority says that the jury's verdict is an inflated figure produced as a result of errors by the trial court.

The main thrust of appellant's contention concerns testimony by Mr. Duvall as to the price of lots in a nearby industrial park. In this park extensive development had been completed and the finished sites were allegedly being marketed at $25,000 per acre. Mr. Duvall made a proffer of testimony as to his intention to ultimately develop his land in a comparable manner and, based upon this proposed industrial subdivision, arrived at a figure of $8,500 per acre for the present undeveloped land. The

trial judge, out of the presence of the jury, we think properly refused this proffer as being too speculative a basis for valuation. *Church v. State Roads Comm.,* 249 Md. 406, 240 A. 2d 255 (1968) ; *Smith v. Potomac Electric,* 236 Md. 51, 202 A. 2d 604 (1964).

However, in the course of the trial Mr. Duvall was asked his opinion of the value of his land. The owner of land is at least presumptively competent to testify to his estimate of its value, however unreasonable that estimate may sometimes be. *State Roads Com. of Md. v. Novosel,* 203 Md. 619, 102 A. 2d 563 (1954) ; *Jackson v. Linthicum,* 192 Md. 272, 64 A. 2d 133 (1949) ; *Bresnan v. Weaver,* 151 Md. 375, 135 A. 584 (1926). The jury is, of course, not compelled to accept this figure set by the owner. Duvall testified that he thought the fair valuation of the land being taken was $8,500 per acre. He was then asked on direct examination how he arrived at this figure. Counsel for appellant objected. After a bench conference, the following occurred:

> "Q. Are you aware, Mr. Duvall of other prices on other properties? A. Yes, sir, I'm quite aware of other prices and there has been a twenty-five thousand dollars an acre price, for instance, established, for instance, by the industrial park next door, the Arundel Industrial Park. This is a known fact insofar as I've been informed and I, this, I've set my sales price on my lots at—
> (Mr. Ghinger) Objection, Your Honor, they're getting into the same area again.
> (Mr. Goldberg) Well, we're satisfied with that. Thank you Mr. Duvall.
> (Mr. Ghinger) I only have one question." [1]

At this juncture an objection had been made by Mr. Ghinger to the statement made by Mr. Duvall as he began to refer to sales prices on lots, and thereafter Mr.

---

1. The question was not germane to the objection raised by the appellant and related to the price Mr. Duvall paid for some other property in the vicinity.

Ghinger, without requesting a ruling from the court or moving to strike the testimony, immediately began cross examination. With this statement in evidence before the jury, appellees' counsel made several references to the figure of $25,000 per acre in his closing argument to the jury.

In the case of *State Roads Comm. v. Bare*, 220 Md. 91, 94, 151 A. 2d 154, 155-56 (1959), this Court stated:

> ". . . Rule 522 d 2 reads that '[e]very objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent, otherwise the objection shall be treated as waived.' The committee's note states: 'Counsel are cautioned that in the light of the Court of Appeals construction of its former Rule 17, which is the foundation for Rule 522, a ruling of the court must be obtained upon each objection, in order to lay the proper foundation for an appeal.' Generally speaking, specific objection should be made to each question propounded, if the answer thereto is claimed to be inadmissible."

If we assume without deciding that the testimony complained of was inadmissible, the appellant waived its objection to its admission by not moving to strike out the non-responsive answer of the witness so that the alleged error, if any, has not been preserved for our consideration on this appeal.

The record before us discloses that after the conclusion of the argument of counsel, appellant's counsel asked the trial court to instruct the jury to disregard that portion of appellees' counsel's argument in which he alluded to the testimony of Mr. Duvall with reference to his $25,-000 per acre figure. However, as pointed out above, since this testimony was before the jury and no action taken to eliminate it, it was the subject of fair comment by op-

posing counsel, and a request made to the trial court after closing argument to instruct the jury to disregard it came too late, so that the court was justified in denying this request. *Gault v. State,* 231 Md. 78, 188 A. 2d 539 (1963) ; *Martin v. State,* 203 Md. 66, 98 A. 2d 8 (1953).

Appellant next claims error in the trial court's instruction to the jury as to resulting damages. We find this contention without merit. Code (1967 Repl. Vol.), Article 33A, Section 5 (b) provides:

"Damages to be awarded.

. . . .

(b) *Where part of tract taken.*—The damages to be awarded where part of a tract of land is taken shall be the fair market value (as defined in § 6) of such part taken, but not less than the actual value of the part taken plus the severance or resulting damages, if any, to the remainder of the tract by reason of the taking and of the future use by the plaintiff of the part taken. Such severance or resulting damages are to be diminished to the extent of the value of the special (particular) benefits to the remainder arising from the plaintiff's future use of the part taken."

Section 6 in pertinent part provides:

"Fair market value; assessed value.

"The fair market value of property in a proceeding for condemnation shall be the price as of the valuation date for the highest and best use of such property which a seller, willing but not obligated to sell, would accept for the property, and which a buyer, willing but not obligated to buy, would pay therefor excluding any increment in value proximately caused by the public project for which the property condemned is needed, plus the amount, if any, by which such price reflects a diminution in value oc-

curring between the effective date of legislative authority for the acquisition of such property and the date of actual taking if the trier of facts shall find that such diminution in value was proximately caused by the public project for which the property condemned is needed, or by announcements or acts of the plaintiff or its officials concerning such public project, and was beyond the reasonable control of the property owner."

It is undisputed in this case that the Authority was seeking to acquire 77.462 acres of appellees' 97.262 acre tract, leaving 19.8 acres in the appellees. Appellees' witness Floyd testified that in his opinion severance or resulting damage would be done in the amount of $7,380 to at least 2 acres of the remaining land by the taking. Other witnesses testified they could not state one way or the other whether there would be resulting damages. The jury had for its consideration a plat offered as an exhibit showing the land to be taken and the irregularly shaped portion to be left. In such a situation for the trial judge *not* to instruct as to resulting damages might well have been reversible error. *State Roads Comm. v. Hance,* 242 Md. 137, 218 A. 2d 33 (1966) ; *State Roads Comm. v. Adams,* 238 Md. 371, 209 A. 2d 247 (1965). See Baker and Altfeld, *Maryland's New Condemnation Code,* 23 Md. L. Rev. 309, 316 (1963). The only authority appellant cites in his brief is *Big Pool v. State Roads Comm'n,* 245 Md. 108, 225 A. 2d 283 (1967), which goes to the measure of resulting damages rather than to the sufficiency of evidence necessary to establish them.

Appellant's claim of substantial injustice is predicated largely on the fact that the award returned by the jury was some $92,000 higher than the maximum estimate of either appellant's or appellees' expert witnesses. Even if we were convinced that error had been committed below, as we are not, we would not be inclined to disturb the jury's verdict unless we were also convinced that the

evidence properly before the jury was not legally suffi-
cient to support the award. *Leitch v. Anne Arundel
County,* 248 Md. 611, 618, 237 A. 2d 748, 752 (1968).
This we can not conclude. The jury had properly before
it sales of comparable property in the area ranging from
$1,250 to $10,504 an acre, with the average being ap-
proximately $6,000. These sales and other testimony in-
dicated a rapid rise in land values in the area, which was
undergoing explosive industrial growth. The jury viewed
the land and also heard testimony as to the land's proxim-
ity to Columbia, to the Baltimore-Washington Park-
way, and to the proposed nearby development by the Gen-
eral Electric Company. Testimony as to rail access, and
to the relative ease of sewer and water connections was
also before it. With these facts properly before it we are
unable to say that the verdict is excessive. The jury was
obviously not so influenced as to take Mr. Duvall's figure
of $8,500 at face value. It is commonplace to observe
that the jury is free to apply its independent judgment
as to the weight of any facts before it, and that it is not
bound to accept the judgment of any single witness. *State
Roads Comm. v. Adams, supra.* Applicable to the instant
case is this Court's observation in *Adams* at page 385 of
238 Md.:

> "Quite apt here is the salient observation made
> by Chief Judge Brune, for the Court, in *Mayor
> & City Council of Baltimore v. State Roads Com-
> mission, supra*: 'The appellants' main difficulty
> seems to be that the jury did not accept their ap-
> praiser's valuation.' (p. 151 of 232 Md.)."

Finding no reversible error in the trial below, the
judgment will be affirmed.

*Judgment affirmed. Appellant
to pay the costs.*