## ROBERT JUNIOR QUAILES *v.* STATE OF MARYLAND

[No. 310, September Term, 1982.]

*Decided November 8, 1982.*

The cause was submitted on briefs to GILBERT, C. J., and MORTON and ALPERT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Gary S. Offutt, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Patricia E. McDonald, Assistant Attorney General,* and *John L. Norton, III, State's Attorney for Dorchester County,* for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was convicted by a jury in the Circuit Court for Dorchester County (Edmondson, J.) of assault with intent to murder and the unlawful use of a handgun in the commission of a crime. He was sentenced to a term of twenty-five years on the assault conviction and a consecutive term of ten years on the handgun conviction.

He first contends in this appeal that during the impaneling of the jury the prosecutor improperly used

peremptory challenges to exclude two black veniremen from the petit jury in violation of his federal and state constitutional rights. The record, we shall note at the outset, does not disclose whether the striking of the two individuals left an all white jury to consider appellant's case. Assuming the remaining jurors were white and the two black jurors were struck solely because they were black, it has been plainly stated by the United States Supreme Court and by this Court that such a use of peremptory challenges does not, in an individual case,[1] constitute a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, *Swain v. Alabama,* 380 U.S. 202 (1965); *Johnson v. State,* 9 Md. App. 143 (1970); or Articles 21 or 24 of the Maryland Declaration of Rights; *Lawrence v. State,* 51 Md. App. 575, *cert. granted,* 294 Md. 142 (1982).

In *Swain v. Alabama, supra,* the Supreme Court recognized as the "essential nature" of the peremptory challenge a prosecutor's or defendant's right to exclude a potential juror "without reason stated, without inquiry and without being subject to the court's control," and concluded that striking all six black veniremen in Swain's trial was not a denial of equal protection of the laws:

> "In the quest for an impartial and qualified jury, Negro and white, Protestant and Catholic, are alike subject to being challenged without cause. To subject the prosecutor's challenge in any particular case to the demands and traditional standards of the Equal Protection Clause would entail a radical change in the nature and operation of the challenge." *Swain v. Alabama,* 380 U.S. at 221-222.

Article 24 of the Maryland Declaration of Rights, providing "that no man ought to be . . . deprived of his life,

---

1. There very well might be a fourteenth amendment violation if the prosecutor — "in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be" — removed all blacks from petit juries by way of peremptory challenges. *See* Swain v. Alabama, 380 U.S. 202 (1965).

liberty or property, but by judgment of his peers, or by the law of the land," has been construed as embodying the concept of equal treatment. *Attorney General v. Waldron,* 289 Md. 683, 704 (1981). While the Court of Appeals has stated that the equal protection guarantees of article 24 and the fourteenth amendment are "independent" and "capable of divergent effect," *Attorney General v. Waldron,* 289 Md. at 705, article 24 has been interpreted to be *in pari materia* with the fourteenth amendment, *Pitsenberger v. Pitsenberger,* 287 Md. 20 (1980), and fourteenth amendment decisions are "practically direct authority" for the resolution of article 24 cases. *Bureau of Mines v. George's Creek,* 272 Md. 143, 156 (1971). We conclude here, as we did in *Lawrence v. State, supra,* that article 24 accords appellant no greater rights in these circumstances than the fourteenth amendment.

Nor is the prosecution's use of its peremptory challenges a violation of appellant's sixth amendment right to an impartial jury, notwithstanding the Supreme Court's interpretation of that right in *Taylor v. Louisiana,* 419 U.S. 522 (1975), as requiring that the jury be drawn from a representative cross-section of the community. The Court, in construing the constitutionality of the state's exclusion of women from jury service, emphasized that:

> "[While] holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." (Citations omitted.) *Taylor v. Louisiana,* 419 U.S. at 538.

There is no contention here, however, that the jury pool systematically excluded a distinctive group, specifically

blacks, and thus there was no denial of appellant's sixth amendment right to an impartial jury.

In *Lawrence v. State,* 51 Md. App. at 583, this Court flatly held that the use of peremptory challenges to strike blacks from the petit jury was not a violation of Articles 21 or 24 of the Maryland Declaration of Rights. We think *Lawrence* is dispositive of appellant's contention that his federal and state constitutional rights were violated by the prosecution's use of peremptory challenges to exclude two black jurors.

Appellant next contends that the trial judge erroneously instructed the jury on assault with intent to murder and that his sentence on that count is illegal in light of that improper instruction. The short answer to this contention is that no exception to the instruction as given was made below. Md. Rule 757 f. Since we find no plain error in the instructions material to the rights of the appellant, we shall not address the contention for the first time on appeal. *See Squire v. State,* 280 Md. 132 (1977). We find nothing improper in the twenty-five year sentence for assault with intent to murder since it does not exceed allowable bounds under Md. Ann. Code, art. 27, § 12.

> *Judgments affirmed; costs to be paid by appellant.*