JOHN HENRY SQUIRE *v.* STATE OF MARYLAND

[No. 113, September Term, 1976.]

*Decided April 15, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*David B. Allen*, with whom was *Michael Bowen Mitchell* on the brief, for appellant.

*Gilbert H. Robinette, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Clarence W. Sharp, Assistant Attorney General*, on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

At the trial of petitioner John Henry Squire in the Criminal Court of Baltimore on charges of assault with intent to murder and unlawful use of a handgun, the trial judge, without objection, instructed the jury that:

> The burden of proof of proving self-defense is on the Defendant, not upon the State, although this burden by the Defendant may be fulfilled by a preponderance of the credible evidence; in other words, the Defendant is not obligated to prove a valid self-defense beyond a reasonable doubt.

On appeal, the Court of Special Appeals, exercising the discretion it possesses under Maryland Rule 756 g, declined to take cognizance of error in this instruction; accordingly, it affirmed the trial court's judgment of conviction and sentence. *Squire v. State,* 32 Md. App. 307, 360 A. 2d 443 (1976). That court, while recognizing that the record discloses there was sufficient evidence to generate a self-defense issue and that the quoted portion of the jury instruction was improper under the decision of the United States Supreme Court in *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975), as well as under our decision in *State v. Evans,* 278 Md. 197, 362 A. 2d 629 (1976), explained that because the error "could have been corrected by additional or supplemental instructions had *Mullaney* been called to the attention of the trial judge . . . , we decline to invoke the provisions of [Rule 756 g] in this case." *Squire v. State, supra* at 310' [445]. Although in granting certiorari we stated that this Court would consider whether the Court of Special Appeals abused its discretion in failing to take cognizance of the plain error, it becomes unnecessary for us to consider that precise issue since we have concluded (in the exercise of our independent discretion derived from Rule 756 g) that this Court should recognize the existence of the error in the trial court's instruction and reverse the judgment.

Usually, of course, this Court will not consider claims of error which have not been presented and decided by the trial court. Md. Rule 885. Moreover, as expressed in Rule 756 g, the same is true specifically with respect to jury instructions in criminal causes. That rule in full reads:

> Upon appeal a party assigning error in the instructions may not assign as of right an error unless (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct was distinctly objected to before the jury retired to consider its verdict and (2) the grounds of objection were stated at that time. Ordinarily no other error will be considered by the Court of Appeals or the Court of Special Appeals, but the appellate court, either of its own

motion or upon the suggestions of a party may take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to as provided by section f of this Rule.

Therefore, absent the existence of compelling circumstances, the failure of a defendant to register an objection to a jury instruction pursuant to Rule 756 f bars our consideration of the matter. However, as Judge Eldridge stated for this Court in *Dempsey v. State,* 277 Md. 134, 141-42, 355 A. 2d 455, 459 (1976): "Rule 756 g [does make it clear that] with respect to jury instructions, and as the cases hold with respect to errors of law generally, an appellate court may in its discretion in an exceptional case take cognizance of plain error even though the matter was not raised in the trial court." *See generally Dimery v. State,* 274 Md. 661, 338 A. 2d 56 (1975), *cert. denied,* 423 U. S. 1074 (1976).

We observe exceptional circumstances present here which warrant our utilizing the appropriate provision of Rule 756 g to reverse the judgment entered in the trial court. Initially, we note that each party makes a pivotal concession in this Court — the State admits that under *Mullaney* and *Evans* the jury instruction was prejudicially erroneous, and Squire concedes that he made no objection to it. It should also be borne in mind that the petitioner was tried in the Criminal Court of Baltimore on June 13, 1975, only four days after the Supreme Court's decision in *Mullaney.* Considering that the Supreme Court's opinion dealt only with a Maine statute requiring a defendant to prove he acted in the heat of passion to reduce an unlawful homicide from murder to manslaughter, and that it was the well established law of this State (until our *Evans* decision on July 15, 1976) that the burden of proving self-defense was on the defendant, *see, e.g., Davis v. State,* 237 Md. 97, 103, 205 A. 2d 254, 258 (1964), *cert. denied,* 382 U. S. 945 (1965); *Perry v. State,* 234 Md. 48, 52, 197 A. 2d 833, 836 (1964); *Gunther v. State,* 228 Md. 404, 410-11, 179 A. 2d 880, 883 (1962), it seems highly speculative to us that the trial judge would have corrected the

instruction in the assault case before him had the *Mullaney* decision been brought to his attention.[1] It was not until October 7, some four months later, that this Court first concluded that *Mullaney* had ramifications beyond its impact on the law of Maine. *See State v. Grady,* 276 Md. 178, 182, 345 A. 2d 436, 438 (1975). And only on November 25 did the Court of Special Appeals first indicate that the Supreme Court's decision rendered unconstitutional the Maryland practice of requiring the defendant to prove self-defense, *see Evans v. State,* 28 Md. App. 640, 713-15, 349 A. 2d 300, 345-46 (1975), *aff'd,* 278 Md. 197, 362 A. 2d 629 (1976); prior to that time, the Court of Special Appeals itself had failed to recognize the sweep of *Mullaney,* as it restated on September 9 the traditional self-defense rule. *See Wilson v. State,* 28 Md. App. 168, 170, 343 A. 2d 537, 539 (1975).

Having very carefully reviewed the record in this case, we are well satisfied that the failure to object did not result from trial tactics or inadvertence, but from a belief of counsel (not unfounded we think) that the instruction was in accord with Maryland and federal law. Therefore, in view of the unique factors present in this case, we think it appropriate that Squire be awarded a new trial.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court with instructions to reverse the judgment of the Criminal Court of Baltimore and remand the case to that latter court for a new trial.*
>
> *Costs to be paid by the Mayor and City Council of Baltimore.*

---

1. Although not of controlling significance, we note that it is unlikely, through no fault on the part of counsel or the court, that either was cognizant of *Mullaney.* The case was not mentioned in any Baltimore newspaper between June 9, 1975, the date of the decision, and June 13, 1975, the date of Squire's trial. Moreover, even *United States Law Week,* the only reporter which published the opinion quickly enough to be of use at Squire's trial, probably was not even available in Baltimore until June 11 or 12.