785 A.2d 836

**Derrick McDONALD**

**v.**

**STATE of Maryland.**

**No. 2320, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

Nov. 29, 2001.

Kreg Paul Greer, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

Celia Anderson Davis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Patricia Jessamy, State's Attorney for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before HOLLANDER, SONNER, ADKINS, JJ.

HOLLANDER, Judge.

This case presents an issue of statutory construction with respect to Md.Code (1957, 1996 Repl.Vol., 2000 Supp.), Art. 27, §§ 441(*o*) and 445(e)(1). Derrick McDonald, appellant, was convicted by a jury in the Circuit Court for Baltimore City of possession of a handgun while under the age of twenty-one, in violation of Article 27, §§ 445(e)(1).[1] He contends, however, that the age limitation of eighteen, set forth in § 441(*o*), should have governed his case.

On appeal, McDonald poses two questions:

I.  Was appellant, who was 19 years old at the time of his arrest, improperly charged with and convicted of being a minor in possession of a regulated firearm under Article 27, § 445(e), when § 441(*o*) defines "minor" as any person under the age of 18 years?

II. Was the evidence insufficient to sustain appellant's conviction of minor in possession of a regulated firearm?

For the reasons that follow, we shall affirm.

## FACTUAL SUMMARY

On July 28, 2000, at approximately 8:00 p.m., Baltimore City Police Officer Earl Thompson was driving an unmarked vehicle in the 1600 block of Hilton Parkway. Thompson noticed a black Acura that had swerved out of its lane on northbound Hilton Parkway. Thompson followed the car for five blocks, until he reached a safe location to stop the vehicle.

Three people were in the car when it was stopped. Appellant was the only person in the rear seat; he was sitting

---

1. Appellant was acquitted of the charges of wearing, carrying or transporting a handgun in a vehicle and on his person. When the jury could not reach a verdict on the charge of possession of ammunition for a handgun by a person under 21 years of age, the State dismissed that charge.

behind the front seat passenger. As Thompson spoke with the driver, he noticed that appellant "had his hands between his legs, as though he was placing something down on the floorboard." Thompson moved to the other side of the car, where appellant was seated, and looked in. He saw an orange tee shirt and part of the butt of a handgun sticking out between appellant's feet. The occupants were then removed from the vehicle.

Thompson subsequently recovered a .38 caliber handgun from the floorboard, which contained four live rounds of ammunition. None of the occupants of the car claimed ownership of the weapon. Although Thompson thought that the gun belonged to appellant, he said that "nobody wanted to fess up" to possessing the gun, so each person was charged.[2] At that time, appellant told Thompson that he was nineteen years of age.

The gun was submitted for testing. It was found operable, but no fingerprints were found either on the weapon or on the bullets.

Appellant testified in his own defense. He denied any knowledge of the gun and told the jury that he did not own the orange tee shirt.

## DISCUSSION

### I.

Sections 441 and 449 of Article 27 concern the subtitle known as "Regulated Firearms." Section 441 is titled "Definitions." Section 445 is titled "Restrictions on sale, transfer and possession of regulated firearms." A "regulated firearm" is defined in § 441(r)(1) as "[a]ny handgun as defined in this section...." As we noted, appellant was convicted of violating § 445(e)(1). Section 445(e)(1) states that it applies to "a person who is under 21 years of age." But, for the purpose of

---

2. The charges were later dismissed against the driver and the other passenger.

the subtitle generally, § 441(o) defines "minor" as "any person under the age of 18 years." That statutory discrepancy is at the heart of this appeal.

Appellant argues that two statutory provisions in Art. 27— § 441(o) and § 445(e)(1)—contain contradictory definitions of the term "minor." He contends that he was improperly convicted because he was over the age of eighteen at the time of the incident, and thus was not a minor within the meaning of Article 27, § 441(o).

■■ Initially, we note that appellant's statutory attack is not preserved for our review, because it was never advanced below. An argument that is not raised at trial is not preserved for appellate review. Rule 8–131(a); *Ware v. State*, 360 Md. 650, 668, 759 A.2d 764 (2000), *cert. denied*, 531 U.S. 1115, 121 S.Ct. 864, 148 L.Ed.2d 776 (2001); *White v. State*, 324 Md. 626, 640, 598 A.2d 187 (1991); *State v. Funkhouser*, 140 Md.App. 696, 782 A.2d 387 (2001).

■ Similarly, appellant did not object to the jury instruction that led to his conviction, in which the trial judge said: "The defendant is charged with possessing a handgun while being under the age of twenty-one. That is the third charge. In order to convict the defendant the State must prove that the defendant possessed the handgun, and I already read the definition, *and the defendant was under the age of twenty-one.*" (Emphasis added). The failure to object to the applicable jury instruction constitutes a waiver as to any claim of error as to the instruction. *Conyers v. State*, 354 Md. 132, 167, 729 A.2d 910, *cert. denied*, 528 U.S. 910, 120 S.Ct. 258, 145 L.Ed.2d 216 (1999).

Even if appellant had preserved that contention, we would find no error. We explain.

■ As we noted, appellant was convicted of violating Article 27, § 445, concerning "regulated firearms." In particular, appellant was convicted under § 445(e)(1), which provides:

(e) *Same—Minors.*—(1) Except as provided in paragraph (2) of this subsection, a person who is under 21 years of

age may not possess a regulated firearm or ammunition solely designed for a regulated firearm.

Notwithstanding the applicable age of twenty-one in § 445(e)(1), appellant relies on § 441(*o*), which defines "minor" as "any person under the age of 18 years." Relying on principles of statutory construction, he argues that the conflicting statutory provisions create an ambiguity that should have been resolved in his favor. We reject appellant's argument, because we see no ambiguity.

To be sure, the two statutory provisions contain different age limitations. But, we need not look beyond the particular provision under which appellant was convicted to ascertain the governing age limitation; the provision in issue contains its own definition of the relevant age. *See Derry v. State,* 358 Md. 325, 335, 748 A.2d 478 (2000); *Cianos v. State,* 338 Md. 406, 411, 659 A.2d 291 (1995) (2000) (applying the statute as it reads); *McNeil v. State,* 356 Md. 396, 404, 739 A.2d 80 (1999) (if statutory language is clear and unambiguous, inquiry ends).

An important principle of statutory construction is to determine and effectuate the legislative intent. *Langston v. Langston,* 366 Md. 490, 507–08, 784 A.2d 1086 (2001); *Board of License Comm'rs v. Toye,* 354 Md. 116, 122, 729 A.2d 407 (1999); *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423 (1995). Ordinarily, we are guided in this endeavor by the statutory text. *Torboli v. Torboli,* 365 Md. 52, 63, 775 A.2d 1207 (2001); *Huffman v. State,* 356 Md. 622, 628, 741 A.2d 1088 (1999); *State v. Pagano,* 341 Md. 129, 133, 669 A.2d 1339 (1996).

Generally, we begin with the words of the statute, and give those words their ordinary meaning. *Langston,* at 507–08, 784 A.2d 1086; *Lewis v. State,* 348 Md. 648, 653, 705 A.2d 1128 (1998); *Gardner v. State,* 344 Md. 642, 647–48, 689 A.2d 610 (1997). If a term or provision is ambiguous, we consider the language "in light of the ... objectives and purpose of the enactment," *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730 (1986), in order to ascertain the legislative intent. In this regard, "[w]e may ... consider the particular problem or problems the legislature was ad-

dressing, and the objectives it sought to attain." *Sinai Hosp. of Baltimore, Inc. v. Department of Employment & Training,* 309 Md. 28, 40, 522 A.2d 382 (1987).

■ On the other hand, when the Legislature's intent is evident from the statutory text, and the statute is not ambiguous, "we end our inquiry and allow the plain meaning of the statute to govern our interpretation." *Langston,* at 508, 784 A.2d 1086; *see Martin v. Beverage Capital Corp.,* 353 Md. 388, 399, 726 A.2d 728 (1999). That is the circumstance of this case.

The language of § 445(e) does not contain a definition of "minor." Laws of Maryland, 1996, Chapter 561. When the statutory enactment was codified, additional headings and subheadings were added in publication. In italics, the Code includes the caption of "Same—Minors," which precedes the actual text enacted by the Legislature. The addition of this heading does not mean it is part of the legislative enactment. Nor does it change the plain meaning of the text. In this regard, Md.Code (1998 Repl.Vol.), Article 1, Section 18, is relevant. It states:

> The captions or headlines of the several sections of this Code which are printed in bold type, and the captions or headlines of the several subsections of this Code which are printed in italics or otherwise, are intended as mere catchwords to indicate the contents of the sections and subsections. They are not to be deemed or taken as titles of the sections and subsections, or as any part thereof; and, unless expressly so provided, they shall not be so deemed or taken when any of such sections and subsections, including the captions or headlines, are amended or reenacted.

As we see it, the text of § 445(e) could not be clearer with regard to the applicable age. Contrary to appellant's position, the General Assembly did not bar possession of firearms by persons under the age of eighteen. Rather, it expressly prohibited possession of firearms by persons "under 21 years of age." The language of that specific section prevails over

the definition of a minor in the general definitions section of the subtitle.

Appellant was under twenty-one years of age at the relevant time. It follows that his conviction comported with § 445(e).

## II.

Appellant contends that the evidence was legally insufficient to sustain his conviction for minor in possession of a regulated firearm. First, he argues that the State failed to prove that he was under the age of eighteen when he was arrested. As discussed above, the State was not required to prove that he was under eighteen in order to establish a violation of § 445(e). Instead, the State was required to prove that appellant was under twenty-one, and it met that burden. Second, appellant argues that the evidence was insufficient because the State did not establish that appellant was in possession of the handgun. Because the gun was not found on appellant's person, he asserts that an inference could have been drawn that the gun belonged to one of the other persons in the car.

We review the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Bloodsworth v. State,* 307 Md. 164, 167, 512 A.2d 1056 (1986). Weighing the credibility of witnesses and resolving conflicts in the evidence are tasks proper for the fact finder. *Binnie v. State,* 321 Md. 572, 580–581, 583 A.2d 1037 (1991).

The evidence was sufficient to establish that appellant was in constructive possession of the weapon. In *Price v. State,* 111 Md.App. 487, 498, 681 A.2d 1206 (1996), the Court said:

In a possessory crime or one in which control or dominion over contraband ... constitutes, or is an element of, the *actus reus,* the law engages in the legal fiction of construc-

tive possession to impute inferentially criminal responsibility. . . .

The Court also observed in *Price* that several factors are relevant "to establish the nexus. . . ." *Id.* at 499, 681 A.2d 1206. These include "the proximity between the defendant and the contraband and the fact that the contraband was within the view . . . of the defendant." *Id.*

Officer Thompson testified that he saw appellant put his hands between his legs, as if he was reaching down to place something on the floorboard. Moreover, appellant was the only person in the back seat of the car. The officer saw the butt of a handgun sticking out between appellant's feet, and appellant was the person closest to the weapon. The jury was surely entitled to credit the officer's testimony that the gun was found on the floor of the car, between appellant's feet. From those facts, the jury reasonably could have concluded that appellant possessed the gun and put it on the floor in an attempt to hide it from the police.

Appellant argues that the inference that the gun belonged to one of the other persons was at least as strong, if not stronger, than the inference that he possessed it. Although the jury could have drawn an inference more favorable to appellant, it was not required to do so.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**